IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEGGY SUE WAGNER, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No. 20-868 |
| KILOLO KIJAKAZI,[1] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**<u>OPINION</u>**

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 22 and 24). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 21) and granting Defendant's Motion for Summary Judgment. (ECF No. 23).

**I.    BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Christian Bareford, held a hearing on October 25, 2018. (ECF No. 11-2, pp. 33-72). On January 31, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 11-2, pp. 16-27).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 21 and 23). The issues are now ripe for review.

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity.  20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406.  Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.  Residual Functional Capacity ("RFC") [2]

Plaintiff argues that the ALJ erred by failing to consider all of her medically-supported limitations and/or to provide an explanation for rejecting them.  (ECF No. 22, pp. 10-13). Specifically, Plaintiff submits that the ALJ afforded the opinion of Dr. Young, the state agency psychologist, great weight but failed to "specify which of the limitations from Dr. Young's report he did or did not use to support a generic finding of 'unskilled work'" and failed to provide an explanation for the same.  (ECF No. 22, pp. 10-11).   To that end, Plaintiff contends that the ALJ's limitation to unskilled work does not account for all of the limitations provided by Dr. Young.  (ECF No. 22, pp. 11-12).  As such, Plaintiff concludes that reversal or, alternatively, remand is warranted.  *Id.* p. 13.

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).  In this case, the ALJ found Plaintiff has the RFC to perform light work except that she is limited to unskilled work.  (ECF No. 11-2, p. 21).

3

In support of her argument, Plaintiff cites to the Mental Residual Functional Capacity Assessment (MRFC) form completed by Dr. Young. *Id.* at pp. 11-12. The section cited by Plaintiff, however, is the worksheet portion contained in section I and not the narrative discussion contained in section III. *Id.* The MRFC form provides:

> The questions below help determine the individual's ability to perform sustained work activities. **However, the actual mental residual functional capacity assessment is recorded in the narrative discussion(s), which describes how the evidence supports each conclusion.** This discussion(s) is documented in the explanatory text boxes following each category of limitations….Any other assessment information deemed appropriate may be recorded in the MRFC – Additional Explanation text box.

(ECF No. 11-3, p. 14)(emphasis added). The Program Operations Manual System (POMS) further explains that "**[s]ection I is merely a worksheet** to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute the RFC assessment**." POMS DI 24510.060(B)(emphasis in original). Section I contains twenty mental function items under four main categories (understanding and memory, sustained concentration and persistence, social interaction, and adaptation). *Id.* The ratings for this section are derived from a series of checkblocks and include: not significantly limited, moderately limited, markedly limited, no evidence of limitation in this category, and not ratable on available evidence. *Id.* It is in section III, the Functional Capacity Assessment, where "the **actual mental RFC assessment is recorded**, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings." *Id.*(emphasis in original). *See, Wise v. Comm'r of Soc. Sec.* 626 F. App's 357, 360 (3d Cir. 2015)(stating, "we have said that ALJs are not required to give any weight to these fill-in-the blank checklist portions of the RFC assessments and that their focus instead should be on the narrative portions of the assessments where the medical experts expound on their opinions."), *citing Smith v. Comm'r of Soc. Sec.,* 631 F.3d 632, 636 (3d Cir.

2015); *see also, Cogswell v. Berryhill*, No. 1324, 2018 WL 5792213, *3 (W.D. Pa. Nov. 5, 2018)(collecting cases).

The ALJ gave great weight to the opinion of Dr. Young's findings that she can "understand, retain, and follow, simple instructions (i.e., perform one- and two-step tasks), make simple decisions, and perform simple, routine, repetitive tasks in a stable environment." (ECF No. 11-2, p. 24). This is consistent with Dr. Young's opinion in section III of the MRFC. *Compare,* ECF No. 11-3, p. 15, *with* ECF No. 11-2, p. 24. Thus, the ALJ properly cited to the relevant portion of Dr. Young's opinion and I find no error in this regard.

Moreover, upon review of the record and the decision of the ALJ as a whole, I find that ALJ provided sufficient explanation of his determination such that I am able to make a proper and meaningful review. (ECF No. 11-2, pp. 16-27). I further find the ALJ's RFC determination limiting Plaintiff to unskilled work[3] is supported by substantial evidence. *Id.* Therefore, I find no error in this regard and reversal/remand is not warranted.

Along the same line of rationale as set forth above, Plaintiff seems to additionally argue that the ALJ erred by failing to consider a proper hypothetical which accurately assessed the Plaintiff's impairments. (ECF No. 22, pp. 12-13). After a review, I disagree. An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Consequently, I find no error in this regard.

An appropriate order shall follow.

---

[3] Unskilled work is defined as "work that needs little or no judgment and consists of simple duties that can be learned on the job in a short period of time." 20 C.F.R. §404.1568(a). "[L]ittle specific vocational preparation and judgment are needed." *Id.*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEGGY SUE WAGNER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )   Civil Action No.  20-868 |
| KILOLO KIJAKAZI,[4] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 5th day of October, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 21) is denied and Defendant's Motion for Summary Judgment (ECF No. 23) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

6